# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Andy Sprague,                                          Case No. 3:15 CV 2170

        Plaintiff,
  v.                                                   **ORDER**

J. Bernie Quilter, *et al.*,

        Defendants.

*Pro se* plaintiff Andy Sprague is a state inmate incarcerated in the Allen Correctional Institution (ACI). He has filed this civil action, seeking injunctive relief and $20 million in damages, against the Clerk of the Lucas County Courts, J. Bernie Quilter; the ACI "Medical Department" and Dr. Thomas Lin; and the ACI "Dentist Department" and Doctor Olzwaski, who contracted to provide dental services at the prison. The Court has granted the plaintiff leave to proceed *in forma pauperis*.

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required, under 28 U.S.C. §§1915(e) and 1915A, to screen and dismiss before service any *in forma pauperis* action, and any action by a prisoner seeking relief against a governmental entity or employee of a governmental entity, that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§1915(e) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

The Court finds the plaintiff's complaint must be dismissed on initial screening.

Although the plaintiff does not allege any specific causes of action or legal claims in his complaint, his action is liberally construed as arising under 42 U.S.C. §1983, which provides remedies for deprivations of a person's federal statutory or constitutional rights by persons acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr*., 270 F.3d 340, 351 (6th Cir. 2001).

The plaintiff has not alleged a viable claim under § 1983 against any defendant. The basis for the plaintiff's complaint against Defendant Quilter is that he failed to comply with requests the plaintiff made in 2015 for a copy of the docket and transcripts in the plaintiff's 2001 state criminal case. "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Quilter is absolutely immune from the plaintiff's civil suit because mailing court transcripts and dockets to prisoners constitutes the performance of a judicial act for which a clerk is absolutely immune from suit. *See, e.g., Yarbrough v. Garrett*, 579 F. Supp.2d 856 (E.D. Mich. 2008) (county clerk entitled to absolute immunity in civil rights action alleging that clerk failed to provide the plaintiff with copies of transcripts); *Leija v. Koselka*, Case No. 07-CV-13529, 2007 WL 2950787 (E.D. Mich. Oct. 10, 2007) (court clerk entitled to absolute immunity from § 1983 suit alleging she denied requests for copies of court docket and transcripts).

The plaintiff's claims against the remaining defendants, when liberally construed, are for violations of the Eighth Amendment based on inadequate medical and dental care. The plaintiff complains that he has been assigned a top bunk since his arrival at ACI, even though he is on the medical chronic care list for "asthma, lopis (stomach problems), and dylatin for seizures;" he blacked out and fell while leaving a regular medical check-up he had with Dr. Lin in May 2015 "due to Dr.

Lin stopping [his] seizure prevention medication;" and "the staff within the dentist department refuse[s] to pull out" a partially broken tooth inside of his mouth.

These allegations, even if they true, are insufficient to allege a plausible Eighth Amendment claim. Failure to provide adequate medical treatment to a prisoner is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

In order to establish a claim, a prisoner must demonstrate objective and subjective components. He must demonstrate that his medical condition posed a "substantial risk of serious harm" to him, and that the defendant acted with deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012).

"Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010). "[A]llegations of medical malpractice or negligent diagnosis and treatment" are insufficient to state a claim. *Jennings v. Al-Dabagh*, 97 Fed. App'x 548, 549-50 (6th Cir. 2004).

Even assuming the plaintiff's allegations are sufficient to demonstrate he had some serious medical need, his allegations are insufficient to support a plausible inference that any defendant had the requisite subjective state of mind to demonstrate he was "deliberately indifferent" to such need. The plaintiff's allegations do not support plausible inferences that Dr. Lin or Dr. Olzwaski

-3-

subjectively knew of and drew an inference that a substantial risk of harm to the plaintiff existed, or that they consciously disregarded that risk. At the most, the plaintiff's allegations suggest that he disagrees and/or is dissatisfied with the diagnosis and treatment he has been provided. Disagreements between a prisoner and prison medical staff "regarding the appropriate diagnosis and treatment are not enough to state a deliberate indifference claim." *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996).

The plaintiff's claims against ACI's Medical and Dental "Departments" also fail because those defendants are not persons subject to suit under § 1983. *See Hix v. Tennessee Dept. of Corr.*, 196 Fed. App'x 350, 2006 WL 2431103 (6th Cir. Aug. 22, 2006) (a prison's medical department is not a person subject to suit for constitutional violations under 42 U.S.C. § 1983).

## Conclusion

For all of the reasons stated above, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge